IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JAMES E. COLEMAN                                                                                          PLAINTIFF

vs.                                                         CIVIL ACTION NO.: 4:16-cv-233-DMB-JMV

QUALITY STEEL CORPORATION                                                                    DEFENDANT

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the court on the motion [18] of the *pro se* Plaintiff for reconsideration of the court's prior order denying appointment of counsel to represent him in the above-styled action [8]. Having duly considered the motion, the court finds the motion is not well taken and should be denied.

As previously noted, "Title VII provides for the appointment of an attorney for a Title VII complainant upon request 'in such circumstances as the court may deem just.'" *Gonzalez v. Carlin*, 907 F.2d 573, 579 (5th Cir. 1990) (citing 42 U.S.C. § 2000e–5(f)(1)). "There is no automatic right to the appointment of counsel." *Gonzalez*, 907 F.2d at 579; *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977). "Rather, the decision whether to appoint counsel rests within the sound discretion of the trial court." *Id.* "District courts analyzing the merits of a Title VII plaintiff's request for counsel should consider: (1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel." *Id.* (citing *Caston*, 556 F.2d at 1309); *see also Neal v. IAM Local Lodge 2386*, 722 F.2d 247, 250 (5th Cir. 1984). No single factor is conclusive. *Id.* Where a plaintiff is "capable of articulating his claims and adequately representing his interests in the case," denial of a motion to appoint counsel is appropriate. *Blackman v. Glob. Indus. Offshore, L.L.C.*, 228 F. App'x 410 (5th Cir. 2007). "In general, then,

the circumstances under which a Title VII litigant is entitled to an appointed counsel are limited." *Id.*

The first factor to be considered is the merits of the pro se Plaintiff's claims of discrimination. Plaintiff alleges that he was discriminated against due to his race (African-American), disability (work-related injury), and age (63) by his former employer, Quality Steel Corporation. In considering this factor, the court first looks to the Equal Employment Opportunity Commission's (EEOC) determination. In this case, the claimant apparently never even asserted a disability claim before the EEOC; and as to the claims that were asserted, the EEOC found that, after investigation, it was unable to conclude that the information obtained established violations of pertinent statutes. [1]-3 Dismissal and Notice of Rights. Nothing in the instant motion to reconsider is persuasive that Plaintiff's claims are meritorious. That is not to say they will not ultimately prove to be, only that at this stage in the litigation, the court does not find that the merits of the claim weigh in favor of appointing counsel. Thus, this factor still weighs in support of denial of the motion to appoint counsel.

Next, the court should consider the efforts taken by Plaintiff to obtain counsel. "To be eligible for appointed counsel, plaintiff must make 'a reasonably diligent effort under the circumstances to obtain counsel.'" *Lee*, 882 F. Supp. at 594 (citing *Bradshaw v. Zoological Soc'y*, 662 F.2d 1301 (9th Cir.1981)); *see also Caston*, 556 F.2d at 1309. Nothing in the instant motion provides any more supporting information on this factor than did the original motion and the court remains convinced that this factor weighs against appointment of counsel.

Finally, as previously discussed, since Plaintiff has met the burden to proceed *in forma pauperis*, it follows that he has met the requirement of indigency to necessitate a favorable finding on this factor. This court is also permitted to consider Plaintiff's ability to represent

himself alongside the factors listed above, as they are "simply ingredients in the total mix of relevant information which should guide the discretion of the district court." *Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 F. App'x 329, 333 (5th Cir. 2013). By the filing of the pleadings and a number of, sometimes lengthy, motions, including case citations and argument, Plaintiff has demonstrated his ability to adequately present issues and otherwise communicate information to the court.

In sum, the court finds that the factors, on the whole, weigh in favor of denial of appointment of counsel.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for reconsideration of the court's prior denial of appointment of counsel is hereby **DENIED**. In the event circumstances arise which necessitate the appointment of counsel, Plaintiff may re-urge the instant motion.

**SO ORDERED**, this 15th day of March, 2017.

                                        /s/ Jane M. Virden
                                        UNITED STATES MAGISTRATE JUDGE